(Reap. Dec. 8541)

WM. E. PHILLIPS CO. *v.* UNITED STATES

Entry No. 1652.

(Decided February 15, 1956)

*Philip Stein* (*Philip Stein, Marjorie M. Shostack,* and *Richard M. Kozinn* of counsel) for the plaintiff.

*Warren E. Burger,* Assistant Attorney General (*Mollie Strum* and *Daniel I. Auster,* trial attorneys), for the defendant.

FORD, Judge: The appeal listed above involves the proper dutiable value of certain silver cigarette lighters imported into the port of Los Angeles, Calif., from Mexico. These lighters were entered at 18 pesos each, plus stamp tax of $39.60 for 250 lighters, and were appraised at 25 pesos each, plus 88/100 per centum, plus packing of $2.50.

In view of the present state of the record in this case, it is not necessary to give a detailed statement of the evidence adduced at the hearing. There is much evidence in the record as to the price at which this merchandise was sold and offered for sale in Mexico, both for home consumption and for export to the United States, but in what quantities, the evidence fails to establish. It is true that the witness who testified at the trial and also the affiant who executed the affidavit, exhibit 3, stated that 50 or more lighters constituted the usual wholesale quantity in which the said lighters were ordinarily sold. This is the only evidence before me on the question of what constitutes a usual wholesale quantity. The evidence as to the price at which these lighters were sold and offered for sale in Mexico, both for home consumption and for exportation to the United States, is of no avail in determining the correct value of this merchandise, unless and until it is established that such sales and offers for sale were in usual wholesale quantities. In the case of *Brooks Paper Company* v. *United States,* 40 C. C. P. A. (Customs) 38, C. A. D. 495, it was held that:

* * * It is clear, from a reading of section 402 (c) and (d), *supra,* that in order to prove foreign value or export value as a basis for a valid reappraisement, *the appellant must establish, inter alia, the usual wholesale quantities* in which such or

similar merchandise involved was freely offered for sale to all purchasers in the principal markets of the country from which exported, etc. * * *

\* \* \* \* \* \* \*

This court has established that the language "in the usual wholesale quantities," as used in section 402, *supra*, refers to that particular wholesale quantity which consititutes the "major portion of sales or offers for sale" in wholesale quantities. *United States* v. *M. Minkus*, 21 C. C. P. A. (Customs) 382, T. D. 46912; *Jenkins Brothers* v. *United States*, 25 C. C. P. A. (Customs) 90, T. D. 49093; *F. S. Whelan and Sons* v. *United States*, 39 C. C. P. A. (Customs) 168, C. A. D. 482. In view of this, it is our opinion that affiant's statement, above referred to, that "the great majority of sales * * * were in quantities of 15,000 square meters or more" must be held to be nothing more than affiant's own conclusion of an *ultimate fact* which is an essential element of his case, namely, the usual wholesale quantities; this conclusion is unsupported by any *evidentiary facts* whatsoever.

\* \* \* \* \* \* \*

In view of the foregoing discussion, it seems to us an inescapable conclusion that affiant's statements pertaining to the question of usual wholesale quantities are merely statements of a vital issuable fact and hence only a declaration of an essential ultimate fact. Being such, we think that under the test laid down by the Supreme Court in the *Columbian Company* case, *supra*, such statements cannot properly be regarded as substantial evidence. * * *

\* \* \* \* \* \* \*

* * * The appellate division was, in our opinion, correct in holding that the evidence is insufficient to establish the usual wholesale quantities and that appellant has therefore failed to establish all the elements necessary for the court below to make a valid appraisement. Accordingly, the decision of the appellate division reversing the trial court is *affirmed*.

Applying the law set out in the *Brooks* case, *supra*, to the facts in the instant case, it is at once apparent that the plaintiff herein has failed to establish all the elements necessary for the court to make a valid appraisement of the merchandise in this appeal.

Since the plaintiff herein has failed to establish, by substantial evidence, the usual wholesale quantity in which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the ordinary course of trade, I find the proper dutiable value of the merchandise covered by this appeal to be the value found therefor by the appraiser. Judgment will be rendered accordingly.