**No. 62636.**—Wm. E. Phillips Co. *v.* United States, petition 7235–R (Los Angeles).

JOHNSON, Judge: This is a petition for the remission of additional duty assessed on silver cigarette lighters, imported from Mexico on December 11, 1944, by reason of the fact that the final appraised value exceeded the entered value. Section 489, Tariff Act of 1930.

The merchandise was entered at the invoice value of 18 pesos per lighter (Mexican currency), plus stamp tax, and was appraised at 25 pesos per lighter, plus stamp tax and packing. The importer appealed for reappraisement, and, subsequent to the decision of the single judge sustaining the appraised value (*Wm. E. Phillips Co.* v. *United States*, 36 Cust. Ct. 527, Reap. Dec. 8541), prosecuted an application for review. The decision of the single judge was affirmed on the ground that the plaintiff had failed to establish the usual wholesale quantities in which the merchandise was freely offered for sale to all purchasers and had failed to prove that it was freely offered to all purchasers at the same price. *Wm. E. Phillips Co.* v. *United States*, 39 Cust. Ct. 723, A. R. D. 78.

At the trial in the instant case, William E. Phillips, principal owner of the petitioning company, testified as follows: In December 1944, he had arranged for the purchase of these lighters at 18 pesos each from a Mexican firm, Plata Industrial. He had imported this type of lighter from 1943 through 1945 and had paid as low as 16½ pesos each, but, during the period of this importation, he had paid 18 pesos each. He had visited Mexico City about five times each year and had investigated market conditions there. As far as he was able to ascertain, the prevailing price for these lighters was 18 pesos apiece, when sold in wholesale quantities. Prior to entry, he had disclosed all the information he had in regard to dutiable value to his customs broker. He did not withhold any information that would have indicated a higher price, and did not intend, in making entry at 18 pesos per lighter, to deceive or defraud the revenue or pay any less than the proper amount of duty.

T. R. Mojonier testified that he was the customhouse broker for petitioner and prepared the entry involved herein. At that time, he filed a so-called submission sheet with the appraiser setting forth all the information at hand as to the wholesale market value of the merchandise, including all the information supplied to him by petitioner. He did not obtain any other information from the examiner or the appraiser indicating a possible higher value for the merchandise. He stated that he had disclosed all the information in his possession and did not intend to withhold any information or to deceive or defraud the revenue in making the entry involved herein.

At the conclusion of petitioner's case, counsel for the respondent stated:

If the court pleases, the Government has no proof to offer in the case.

For the purpose of the record, and as an aid to the court, I would like to say that all information and advice coming to the office of the Assistant Attorney General, both from Customs sources and Treasury sources, is highly favorable to the petitioner.

On the record presented, we hold that the entry of this merchandise at a value lower than the final appraised value was without any intention to defraud the revenue of the United States, conceal or misrepresent the facts of the case, or to deceive the appraiser as to the value of the merchandise.

The petition is granted. Judgment will be rendered accordingly.